UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 MAR -5 P 3: 43

U.S. DISTRICT COURT
HARTFORD, CT.

MADISON POLYMERIC ENGINEERING,   :
INC., WALTER L. MAGUIRE JR., in  :
their individual capacity and    :
derivatively as a member(s) of   :
Horticultural Technologies, LLC, :
                                 :
    Plaintiffs,                  :
                                 :
v.                               :    CASE NO. 3:00CV2290(RNC)
                                 :
WAYNE CASTLEBERRY and            :
HORTICULTURAL TECHNOLOGIES, LLC, :
                                 :
    Defendants.                  :

RULING ON PLAINTIFFS' MOTION TO DISQUALIFY

The plaintiffs, Walter Maguire ("Maguire") and Madison Polymeric Engineering Inc. ("MPE"), commenced this diversity suit against Wayne Castleberry ("Castleberry") and Horticultural Technologies, LLC, ("HTL") alleging, inter alia, breach of contract and breach of fiduciary duty. Pending before the court is the plaintiffs' motion to disqualify the defendants' attorney, Thomas Bucci, Esq. and the law firm of Willinger, Willinger & Bucci, P.C. pursuant to Rules 1.7 and 1.9 of the Rules of Professional Conduct. (Doc. #34.) The motion is denied.

Alleged lawyer conflict of interest problems should be brought up as early as possible so that a determination may be made that does not unduly prejudice any party. See Trust Corp. of Montana v. Piper Aircraft Corp., 701 F.2d 85, 88 (9th Cir. 1983). Failure to timely file a motion to disqualify may constitute a waiver of the right to object. See, e.g., Talcott Mountain Science Center for Student Involvement, Inc. v. Abington Ltd. Partnership, No. CV 950549521, 1997

WL 66510, at *2 (Conn.Super. Jan. 29, 1997). See e.g., Trust Corp. of Montana, 701 F.2d at 87; Central Milk Producers Co-op. v. Sentry Food Stores, Inc., 573 F.2d 988, 992 (8th Cir. 1978); Alexander v. Primerica Holdings, Inc., 822 F. Supp. 1099, 1115-16 (D.N.J. 1993).

The plaintiffs' complaint alleges, inter alia, that Castleberry wasted the assets of co-defendant HTL and diverted HTL's assets for his personal use. The plaintiffs now argue that Bucci should be disqualified because he owes a duty of loyalty to HTL and a duty to inform the plaintiffs, as HTL members, of Castleberry's alleged subsequent misappropriation. However, any conflict in Attorney Bucci representing both Castleberry and HTL was apparent in January 2001 when Attorney Bucci filed his appearance. The record is clear that the plaintiffs knew that Attorney Bucci represented both Castleberry and HTL for more than two years before they filed a motion to disqualify. Under these circumstances, the plaintiffs waived their right to seek disqualification of the defendants' counsel by waiting too long to object. See Abney v. Wal-Mart, 984 F. Supp. 526, 530 (E.D.Tex. 1997).

For these reasons, the plaintiffs' motion to disqualify (doc. #34) is DENIED.

SO ORDERED at Hartford, Connecticut this 5th day of March, 2004.

Donna F. Martinez
United States Magistrate Judge

2