# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MADISON POLYMERIC ENGINEERING, INC. | : | CIVIL ACTION NO. |
| WALTER L. MAGUIRE, JR., | : | |
|     Plaintiffs | : | 3:00cv02290(RNC) |
| | : | |
| V. | : | |
| | : | |
| WAYNE CASTLEBERRY and | : | |
| HORTICULTURAL TECHNOLOGIES, LLC, | : | |
|     Defendants. | : | JUNE 30, 2004 |

## MOTION TO ENFORCE SETTLEMENT AGREEMENT

The defendants respectfully request that the court enter an order enforcing the terms of the settlement agreement between the plaintiffs and the defendants. The defendants make this request based on the following factors:

1. On August 25, 2002, the parties participated in a settlement conference with the Honorable Joseph J. Lynch, PJO, presiding.

2. At the conclusion of the conference, the parties reached an agreement on all terms settling this litigation.

3. On or about September 19, 2002, the parties, through their respective attorneys, who appear of record in this case, executed a Joint Settlement Memorandum, containing the terms of their agreement, a copy of which is attached and labeled Exhibit 1.

4. The provisions of the Joint Settlement Memorandum calls for the execution of mutual releases and a formal settlement agreement.

5. The plaintiffs, without legitimate cause, have failed to execute a formal settlement agreement and a release of their claims against the defendants.

6. On October 16, 2002, the defendants' attorney forwarded to the plaintiffs' attorney a draft formal settlement agreement and release of claims for his review.

7. On October 23, 2002, the defendants' attorney made inquiry of the plaintiffs' attorney of the status of the proposed formal settlement agreement and release of claims.

8. On October 29, 2002, plaintiffs' counsel wrote the defendants' counsel; "I'm running out to Fed'l Court. Closing arguments this morning for trial. I should be back in the office this afternoon and we can get it done. Ask for Debbie, my secretary if you need me."

9. On November 6, 2002, the defendants' attorney again inquired of the plaintiffs' counsel as to the status of the formal settlement agreement and release of claims in the following terms; "*Where is the agreement?*"

10. On November 14, 2002, plaintiffs' counsel responded to the defendants' counsel's inquiry, as follows; "A draft will be e-mailed to you today."

11. On November 18, 2002, defendants' counsel wrote the plaintiffs' counsel, "*I need to move on the agreement. Please forward to me something by the end of the day.*"

12. On November 25, 2002, plaintiffs' counsel by facsimile transmission forwarded to the defendants' counsel a proposed settlement agreement.

13. On November 26, 2002, defendants' counsel requested immediate delivery of final settlement agreement.

14. After the defendants filed a motion for dismissal with the Court, the plaintiffs' counsel and defendants' counsel had further discussions regarding security for the plaintiffs' payment obligation to the defendants in the amount of $7500.00.

15. On January 10, 2003, the plaintiffs' counsel informed the defendants' counsel by email that the plaintiffs had agreed to secure the payment obligation, and went on to inform the defendants' counsel that the plaintiff had executed the settlement agreement. "As previously stated, we are holding and have been for some time the executed final settlement agreement and the check for 10K. *I will be filing a motion to enforce the settlement next week if don't put this to bed in the next couple of days.*" (Emphasis Supplied).

16. On January 14, 2003, the defendants' counsel responded by email with the following message, "[w]e are ready, able and willing to go forward. Do you want to forward to me the executed agreement and I will obtain the signature of my clients? Also please forward the universal release you want my clients to sign; and have your clients sign a release of my clients. What do you need from my client?

17. On January 17, 2003, the defendants' counsel informed the plaintiffs' counsel by email that the defendants had executed the original assignments, and inquired "[w]hat is your pleasure?

18. On January 23, 2003, not hearing from the plaintiffs' counsel, the defendants' counsel sent an email message to plaintiffs' counsel informing him that "[w]e need to conclude this matter.  Please let me know when we can exchange documents."

19. Thereafter, defendants' counsel left in the minimum two telephone messages with the plaintiffs' counsel in an effort to determine why the plaintiffs were not carrying out the terms of the parties' agreement.

20. Plaintiffs ignored the defendants' email and telephone messages.

21. On March 19, 2003, the plaintiffs filed a motion to disqualify the defendants' counsel, which the Court, Magistrate Judge Martinez, denied.

22. The plaintiffs' conduct has evidenced a refusal by the plaintiffs to honor the terms of the settlement agreement in which they had entered with the defendants.

Wherefore, the defendants request the Court enter an order enforcing the terms of the settlement agreement.

THE DEFENDANTS


BY:_____
Thomas W. Bucci
WILLINGER, WILLINGER & BUCCI, P.C.
855 Main Street
Bridgeport, CT  06604
Tel: (203) 366-3939
Fax: (203) 337-4588
Fed. Bar #ct07805
Email: thomasbucci@earthlink.net

**CERTIFICATION**

      THIS IS TO CERTIFY that on the 30th day of June, 2004, a copy of the foregoing Motion To Enforce Settlement Agreement has been mailed to the following counsel of record:

Simon I. Allentuch, Esquire
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510-2026
Tel: 203-821-2000
Fax: 203-821-2009
Fed. Bar #ct21094
Email: sia@npmlaw.com

                                                  _____
                                                  Thomas W. Bucci
                                                  Willinger, Willinger & Bucci, P.C.