IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

MADISON POLYMERIC ENGINEERING, INC., WALTER L. MAGUIRE, JR., in their individual capacity and derivatively as a member(s) of Horticultural Technologies, L.L.C.,

Plaintiffs,

-against-

WAYNE CASTLEBERRY and HORTICULTURAL TECHNOLOGIES, L.L.C.,

Defendants.

: Civil Action No.:3:00CV02290 (RNC)(HBF)

July 12, 2004

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL**

Plaintiffs Madison Polymeric Engineering, Inc. ("Madison") and Walter L. Maguire ("Maguire"), by their counsel, Neubert, Pepe & Monteith, P.C., respectfully submit this Memorandum of Law in support of their Motion to Compel defendants to Produce Documents.

**Statement of Facts**

Plaintiffs served documents requests dated October 1, 2001, April 16, 2004 and June 8, 2004 (collectively the "Document Requests"). Copies of these requests are Exhibits 1 through 3 of the Allentuch Declaration. Defendant has not interposed any objections to these requests and has stated under oath, that he has produced responsive documents to every request and has supplemented all prior requests. Specifically, defendant testified: "I furnished you all of the documents I had in my possession at that time, yes. Q. How about now, do you have any other documents that are responsive to

ORAL ARGUMENT REQUESTED
TESTIMONY NOT REQUIRED

any of the requests. A. No. Q. Any new documents? A. No . . . Q. So you have produced, I just want to be clear. You have produced all documents in your possession custody or control. A. Yes. Pp. 219-220, Exhibit 4, Allentuch Declaration.

In fact, plaintiff's counsel has discovered that defendants have falsely stated that they have produced responsive documents. On June 30, 2004, defendant's counsel attempted to take the deposition of and obtain documents from defendant Castleberry's business partner, Hibco Plastics, Inc. ("Hibco") in Yadkinville, North Carolina. No one appeared for the deposition and no documents were produced. After lengthy negotiations with Hibco's counsel, Hibco agreed to appear and produce documents on July 1, 2004. However, on July 1, 2004, a representative of Hibco appeared without any documents. The deposition was adjourned until July 2, 2004. On that day, a representative of Hibco appeared with a few documents. Plaintiff's counsel again had extensive discussions with Hibco's counsel and Hibco finally produced a box containing thousands of pages of responsive documents. Hibco contended that they were holding these documents as the bookkeeping agent for defendant Horticultural Technologies, LLC ("HTL"). The documents related to Medius and Transporter 10 products as well as monies which were spent by defendant HTL during the past two years. The documents conclusively establish that defendant Castleberry used thousands and thousands of dollars of HTL funds on personal expenses. The documents further demonstrate that he used HTL funds to pay for legal fees to transfer HTL intellectual property to the entity which now employs him, CP Medius, LLC. This entity is owned by the owners of Hibco. These documents were clearly under the control of defendants in this litigation.

These documents are clearly responsive to the Document Requests. With respect to the first document request, these documents are responsive to requests 21, 41, 44, and 48. With respect to the Second Request for Production of Documents, these documents are responsive to requests 6, 7 8, 18, 21, 22, and 23. With respect to the Third Request for Production of Documents, these documents are responsive to requests 1, 2, 8, and 9. Defendants have clearly hidden incriminating documents and failed to produce them without reason.

## Argument

I. The Court Should Compel Defendants To Provide the Outstanding Discovery

Fed R. Civ. Pro. 37(a)(2) (A) provides: "if a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." See e.g., Remee Products Corp. v. Sho-Me Power Electric Coop., 2002 U.S. Dist. LEXIS 19700 (S.D.N.Y.); Loubier v. Patterson, 187 F.R.D. 449 (D. Conn. 1999). Here, defendants have purposely failed to produce responsive documents. Given defendants purposeful failure to produce documents, plaintiffs cannot tell whether defendants possess responsive documents which they have not produced. At a minimum, it is now clear that defendants have not produced credit card statements and other documents, including invoices, relating to the monies paid by HTL. Plaintiffs therefore respectfully requests that the Court issue an order directing defendants to respond to all discovery immediately and that the Court award plaintiffs the costs associated with filing

this Motion.

THE PLAINTIFFS

By:________________________________

Simon I. Allentuch, Esq.
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510
Tel (203) 821-2000
Fed. Bar No. ct21094

CERTIFCATION OF SERVICE

I hereby certify that a copy of the foregoing was sent via mail, first class, postage prepaid on July 12, 2004 to:

Thomas Bucci, Esq
Willinger, Willinger & Bucci
855 Main Street
Bridgeport, CT 06604

Simon I. Allentuch