IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------X
:
MADISON POLYMERIC ENGINEERING, INC., :
WALTER L. MAGUIRE, JR., in their individual : Civil Action No.:3:00CV02290
capacity and derivatively as a member(s) of : (RNC)(HBF)
Horticultural Technologies, L.L.C., :
:
:
              Plaintiffs, :
:
    -against- :
:
WAYNE CASTLEBERRY and :
HORTICULTURAL TECHNOLOGIES, L.L.C., :
: July 12, 2004
             Defendants. :
:
------------------------------------------------------------X

## DECLARATION OF SIMON I. ALLENTUCH

Simon I. Allentuch, declares, under penalty of perjury as follows:

1.     I am counsel to the law firm of Neubert, Pepe & Monteith, P.C., counsel for the plaintiffs in this matter. I make this Declaration in support of Plaintiff's Motion to Compel.

2.     Plaintiffs served documents requests dated October 1, 2001, April 16, 2004 and June 8, 2004 (collectively the "Document Requests"). Copies of these requests are annexed hereto as Exhibits 1 through 3, respectively. Attached as Exhibit 4 is a copy of the relevant pages of the Deposition of defendant Wayne Castleberry.

3.     Defendants have not interposed any objections to the Document Requests and has stated under oath, that he has produced responsive documents to every request and has supplemented all prior requests. Specifically, defendant testified: "I furnished you all of the documents I had in my possession at that time, yes. Q. How about now, do

you have any other documents that are responsive to any of the requests. A. No. Q. Any new documents? A. No . . . Q.    So you have produced, I just want to be clear. You have produced all documents in your possession custody or control. A. Yes. Pp. 219-220, Exhibit 4.

    4.    Plaintiff's counsel has discovered that defendants have falsely stated that they have produced responsive documents. On June 30, 2004, defendant's counsel attempted to take the deposition of and obtain documents from defendant Castleberry's business partner, Hibco Plastics, Inc. ("Hibco") in Yadkinville, North Carolina. No one appeared for the deposition and no documents were produced. After lengthy negotiations with Hibco's counsel, Hibco agreed to appear and produce documents on July 1, 2004. However, on July 1, 2004, a representative of Hibco appeared without any documents. The deposition was adjourned until July 2, 2004. On that day, a representative of Hibco appeared with a few documents. Plaintiff's counsel again had extensive discussions with Hibco's counsel and Hibco finally produced a box containing thousands of pages of responsive documents. Hibco contended that they were holding these documents as the bookkeeping agent for defendant Horticultural Technologies, LLC ("HTL"). The documents related to Medius and Transporter 10 products as well as monies which were spent by defendant HTL during the past two years. The documents conclusively establish that defendant Castleberry used thousands and thousands of dollars of HTL funds on personal expenses. The documents further demonstrate that he used HTL funds to pay for legal fees to transfer HTL intellectual property to the entity which now employs him, CP Medius, LLC. This entity is owned by the owners of Hibco. These documents were clearly under the control of defendants in this litigation.

5. These documents are clearly responsive to the Document Requests. With respect to the first document request, these documents are responsive to requests 21, 41, 44, and 48. With respect to the Second Request for Production of Documents, these documents are responsive to requests 6, 7 8, 18, 21, 22, and 23. With respect to the Third Request for Production of Documents, these documents are responsive to requests 1, 2, 8, and 9. Defendants have clearly hidden incriminating documents and failed to produce them without reason.

6. Accordingly, plaintiffs respectfully request that the Court grant its Motion to Compel.

_____
Simon I. Allentuch

## CERTIFCATION OF SERVICE

    I hereby certify that a copy of the foregoing was sent via mail, first class, postage prepaid on July 12, 2004 to:

Thomas Bucci, Esq
Willinger, Willinger & Bucci
855 Main Street
Bridgeport, CT 06604

                                                                                       Simon I. Allentuch