UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MADISON POLYMERIC ENGINEERING, INC. | : | CIVIL ACTION NO. |
| WALTER L. MAGUIRE, JR., | : | 3:00cv02290(RNC) (DFM) |
| Plaintiffs | : | |
| | : | |
| V. | : | |
| | : | |
| WAYNE CASTLEBERRY and | : | |
| HORTICULTURAL TECHNOLOGIES, LLC, | : | |
| Defendants. | : | AUGUST 5, 2004 |

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL DISCOVERY PRODUCTION**

*1. Nature of Case*

This case has a long and torturous history leading to the present motion. Trial is scheduled for September 15, 2004. The plaintiff, Madison Polymeric Engineering, Inc., a company owned by the plaintiff, Walter Maguire ("Maguire"), allegedly entered into an agreement to become members of a Virginia domiciled Limited Liability Company known as Horticultural Technologies, LLC, of which Wayne Castleberry ("Castleberry) was already a member. Madison Polymeric Engineering, Inc. became the majority owner of the LLC sometime in January of 1999. At the time of the agreement, Horticultural Technologies, LLC was marketing innovative foam based products used in the transportation of horticultural products. At this same time, Castleberry had been exploring the use of foam as a growing medium for plants and flowers. The product became known as "Medius". Castleberry never owned the rights to

Medius, but he had entered into an agreement with the product's owner, General Foam Corporation, to allow Horticultural Technologies, LLC to be the exclusive distributor of the product. To succeed, Horticultural Technologies, LLC needed an investor besides Castleberry. Castleberry, thereupon, turned to Maguire, who was willing to invest in Horticultural Technologies, LLC.

From almost the very beginning of their relationship, the parties soured on each other. The money that Maguire was to pay to Horticultural Technologies, LLC for his entry into the LLC was delayed, causing severe financial strains on the LLC. Maguire contended that Castleberry was not abiding by the budget that Maguire had established for the LLC, and placed restrictions on Castleberry's management of the LLC. Castleberry was receiving complaints from customers that the transportation products, which were being manufactured by Maguire's Company, Madison Polymeric Engineering, Inc. for Horticultural Technologies, LLC were substandard. After Maguire bumped up the prices on the production of the products for a second time for Horticultural Technologies, LLC, Castleberry came to Connecticut to voice his displeasure. The meeting did not go well, and on June 12, 2000, although only a minority member of the LLC, Castleberry informed Maguire that he was no longer a member of Horticultural Technologies, LLC, nor would Madison Polymeric Engineering, Inc. be manufacturing products for the LLC. Since June of 2000, Maguire made feeble attempts to exercise the rights of Maguire as a majority owner of Horticultural Technologies, LLC, but, for the most part, the plaintiffs have basically

abandoned taking any steps to participate in Horticultural Technologies, LLC. or to dissolve the LLC pursuant to the laws of the State of Virginia.

The plaintiffs filed this complaint against the defendants on November 30, 2000. The plaintiffs charge that the defendant, Wayne Castleberry ("Castleberry") breached the agreement that gave Maguire majority ownership of Horticultural Technologies, LLC. They claimed Castleberry breached the fiduciary duty he owed to Madison Polymeric Engineering, Inc., Maguire and Horticultural Technologies, LLC. In addition, the plaintiffs asserted that the defendants breached the covenant of good faith and fair dealing, committed fraud, were guilty of negligent misrepresentation, and breached the agreement to allow Madison Polymeric Engineering, Inc. to manufacture Horticultural Technologies, LLC's products.

The complaint of the plaintiffs spurred a counterclaim, in which the defendants brought forth causes of action for negligent misrepresentation, breach of contract, breach of fiduciary duty, breach of the duty of fair dealing, breach of contract to manufacture goods.

The defendants responded to various discovery requests made by the plaintiffs. There was never an issue with the defendants' compliance until the parties, through the court's intervention, had settled their dispute on August 23, 2002. The plaintiffs, when it came time to finalize the settlement, found one excuse after another, for not concluding the settlement agreement[1].

---

[1] See copy of defendants' motion to enforce settlement agreement attached as Exhibit 1.

The plaintiffs now claim that the defendants have not met their obligation to supplement discovery through the present date. The defendants assert that they have substantially complied with the plaintiffs' discovery requests.

2. *Law And Argument*

The motion submitted by the plaintiffs to compel discovery fails to adhere to the requirements of the Local Rules of Civil Procedure, L.Civ.R. 37(a)3. The defendants raise this objection, not as a mere technicality, but the plaintiffs' failure to follow the local rules leaves it impossible to address the plaintiffs' contentions. L.Civ.R. 37(a)3specifically requires, "[e]ach memorandum shall contain a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed." A cursory review of the plaintiffs' moving papers demonstrates the plaintiffs' complete disregard of the local rule requirements.

The moving papers submitted by the plaintiffs leave the defendants to guess as to which production requests the plaintiffs claim the defendants have failed to respond. The plaintiffs merely attach their previous document requests, and, in essence, call on the defendants to identify the requests that they have not fully complied. There is not a single identification as to the individual requests the plaintiffs are seeking additional materials. The defendants have submitted a great deal of material in response to the defendant's requests, and contend that any failure to produce documents in the past was due to the confusion caused by the failed settlement

agreement and the placing of the financial operations of Horticultural Technologies, LLC in a third party North Carolina company after the failure of settlement efforts.

The plaintiffs' dissatisfaction with the defendants' response is simply based on the claim that the defendants cannot be trusted. The plaintiffs' self serving assertion that through its discovery efforts it has been able to conclude that the defendant, Castleberry, "used thousands and thousands of dollars of HTL funds on personal expenses is a half truth clearly explainable by Castleberry. The plaintiffs fail to explain that Horticultural Technologies, LLC has been assisted by the North Carolina company to the extent of providing it operating capital. Personal charges that may have been submitted by Castleberry for payment are identified as personal and earmarked for reimbursement by Castleberry.

Additionally, the Medius product was not owned by Horticultural Technologies, LLC[2]. Legal expenses to transfer ownership of Medius to CP Medius, LLC should not have been paid by Horticultural Technologies, LLC. Horticultural Technologies, LLC will seek reimbursement for the expenditure of these funds mistakenly paid by Horticultural Technologies, LLC.

---

[2] The reason propounded by the plaintiffs for not concluding the settlement agreement is based on their spurious claim that the defendants hid the Medius product from them. This claim is utterly false; Maguire in his most recent deposition, knew of the Medius product from the very beginning of his relationship with Castleberry. To claim that Castleberry concealed the Medius product when negotiating the settlement or during his first deposition is disingenuous.

The plaintiffs' dissatisfaction with the substance of the defendants' responses, in that they may not support the plaintiffs' legal claims, do not form a basis for finding that the defendants' have failed to comply with the plaintiffs' discovery requests.

         THE DEFENDANTS

         BY:_____
         Thomas W. Bucci
         WILLINGER, WILLINGER & BUCCI, P.C.
         855 Main Street
         Bridgeport, CT  06604
         Tel: (203) 366-3939
         Fax: (203) 337-4588
         Fed. Bar #ct07805
         Email: thomasbucci@earthlink.net

## **CERTIFICATION**

  THIS IS TO CERTIFY that on the 5th day of August, 2004, a copy of the foregoing Memorandum In Opposition to Defendants' Motion to Compel Discovery has been mailed and sent by facsimile to the following counsel of record:

Simon I. Allentuch, Esquire
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, CT  06510-2026
Tel: 203-821-2000
Fax: 203-821-2009
Fed. Bar #ct21094
Email: sia@npmlaw.com

                _____
                Thomas W. Bucci
                Willinger, Willinger & Bucci, P.C.