UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MADISON POLYMERIC ENGINEERING,   :
INC., WALTER L. MAGUIRE JR., in  :
their individual capacity and    :
derivatively as a member(s)of    :
Horticultural Technologies, LLC, :
                                 :
      Plaintiffs,                :
                                 :
      v.                         :       CASE NO. 3:00CV2290(RNC)
                                 :
WAYNE CASTLEBERRY and            :
HORTICULTURAL TECHNOLOGIES, LLC, :
                                 :
      Defendants.                :


RULING ON PLAINTIFFS' MOTION TO COMPEL DISCOVERY

On July 12, 2004, the plaintiffs filed a "Motion to Compel Discovery Production" (doc. #63) seeking an order pursuant to Federal Rule of Civil Procedure 37 to compel defendants to respond to requests for production of documents.  The plaintiffs also sought the costs incurred in filing the motion.  For the reasons stated herein, the plaintiffs' motion, as modified by counsel during oral argument, is granted in part and denied in part.

The plaintiffs served upon the defendants three separate sets of Requests for Production of Documents.  The requests were dated October 1, 2001, April 16, 2004 and June 8, 2004.  The defendants did not object.[1]  Although they produced some documents, the

---

[1] A failure to respond or object to a discovery request in a timely manner waives any objection which may have been available. Scott v. Arex, Inc., 124 F.R.D. 39, 41 (D.Conn. 1989); Smith v. Conway Organization, Inc., 154 F.R.D. 73 (S.D.N.Y. 1994); Bowne of New York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 489 (S.D.N.Y. 1993).

defendants never responded in writing to any of the requests for production.  Now on the eve of trial, with the benefit of additional discovery having been completed, the plaintiffs are suspicious that the defendants have not been fully responsive to their production requests.[2]

The plaintiffs' motion requested a court order requiring wholesale compliance with all their past requests for production. During oral argument, they narrowed the requested relief to seek responses only to the following: October 1, 2001 Requests for Production numbers 41, 44, 48, 49 and 53; April 16, 2004 Requests for Production numbers 5-8, 11, 18, 19 and 21-24; and June 8, 2004 Requests for Production numbers 1-5, 7-9 and 12.  With regard to all other requests for production, the plaintiffs ask the court to order the defendants to review the requests to ascertain whether they have further responsive documents.  The defendants maintain that they already have produced all documents "in their possession."

Rule 34 of the Federal Rules of Civil Procedure allows any party "to serve on any other party a request . . . to produce . .

---

[2]    The plaintiffs' mistrust apparently was sparked by the discovery of documents from a third-party entity called Hibco Plastics, Inc. ("Hibco") – an entity which the plaintiffs claim is a "business partner" of the defendant Wayne Castleberry.  The plaintiffs allege that Hibco produced documents that were clearly under the control of defendants in this litigation, and were responsive to their previous requests for production. Consequently, plaintiffs believe that the defendant Castleberry was shielding documents from production by placing them in the possession of Hibco.  The plaintiffs also state that the defendant Castleberry lied under oath when he testified at his deposition that he had produced all responsive documents in his possession.

. any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." The terms "possession" and "control" have been defined as follows:

> A party to a lawsuit cannot escape the obligation to produce documents by incanting . . . 'not in my possession.' That a party does not possess documents is simply immaterial if those documents remain in the party's custody or control. The word 'control' is to be broadly construed. A party controls documents that it has the right, authority, or ability to obtain upon demand.

Scott v. Arex, Inc., 124 F.R.D. 39, 41 (D. Conn. 1989) (Smith, Mag.) (citing Searock v. Stripling, 736 F.2d 650, 653 (11th Cir.1984); M.L.C., Inc. v. North American Philips Corp., 109 F.R.D. 134, 136 (S.D.N.Y.1986)); see also Glaxo, Inc. V. Boehringer Ingelheim Corp., 40 U.S.P.Q. 1848, 1850 (D. Conn. 1996) (Goettel, J.). Rule 34(b) further requires that "[t]he party upon whom the request is served shall serve a written response within 30 days after the service of the request."

The plaintiffs are entitled to more complete responses to their requests for production. The court hereby ORDERS the following:

1.  The defendants shall provide written responses, signed by counsel for the defendants, to each of the plaintiffs' requests for production.

2.  The defendants themselves shall sign and verify the accuracy of the written responses under penalty of perjury. Included in the written responses shall be a statement detailing the extent to which the defendants

3

have searched for, and made a good faith effort to obtain, documents responsive to the requests for production.

3. The defendants shall produce all documents in their possession, custody and control which are responsive to the October 1, 2001 request for production numbers 41, 44, 48, 49, 53; the April 16, 2004 requests for production numbers 5-8, 11, 18, 19, 21-24; and the June 8, 2004 requests for production numbers 1-5, 7-9, 12.

4. The defendants are reminded of their continuing obligation under Federal Rule of Civil Procedure 26(e) to supplement discovery responses in the event they learn "that in some material respect the information [previously provided] is incomplete or incorrect." Fed. R. Civ. P. 26(e); see also Jockey International, Inc. V. M/V Leverkusen Express, 217 F. Supp. 2d 447, 452 (S.D.N.Y. 2002).

5. In accordance with the Local Rules, compliance with this order shall be made within ten (10) days. See D.Conn.L.Civ.R. 37(a).

The request for costs is DENIED without prejudice. At the conclusion of this case, upon application, the court will consider the amount of attorney's fees, if any, that should be awarded in connection with this motion.

For these reasons, the plaintiffs' motion to compel discovery production (doc. #63), as modified during oral argument on August 9, 2004, is GRANTED. The request for costs associated with the

motion is DENIED without prejudice.

SO ORDERED at Hartford, Connecticut this 10th day of August, 2004.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge