IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------X

MADISON POLYMERIC ENGINEERING, INC., : 
WALTER L. MAGUIRE, JR., in their individual : Civil Action No.:3:00CV02290
capacity and derivatively as a member(s) of : (RNC)
Horticultural Technologies, L.L.C., :
:
                Plaintiffs, :
:
   -against- :
:
WAYNE CASTLEBERRY and :
HORTICULTURAL TECHNOLOGIES, L.L.C., :
: August 24, 2004
                Defendants. :
:

------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL

Plaintiffs Madison Polymeric Engineering, Inc. ("Madison") and Walter L. Maguire ("Maguire"), by their counsel, Neubert, Pepe & Monteith, P.C., respectfully submit this Memorandum of Law in support of their Motion to Compel defendants to Produce Documents.

### Statement of Facts

By Ruling dated August 10, 2004, Magistrate Martinez ordered defendants to provide written responses signed by counsel for the defendants to each of plaintiffs' requests. A copy of the ruling is annexed hereto as Exhibit 1. A copy of the document demands are annexed hereto as Exhibit 2. A copy of the responses are annexed hereto as Exhibit 3. The Court directed defendants to submit a statement describing the search they made for responsive documents. Finally, the Court ordered defendants to produce documents in response to certain document requests and reminded defendants of their

ORAL ARGUMENT REQUESTED
TESTIMONY NOT REQUIRED

continuing duty to supplement their disclosure. Defendants were ordered to comply by Friday, August 20, 2004. Defendants response is deficient in the following ways:

1. The responses to the Second and Third Requests are not signed by counsel.

2. Defendants' response to requests 41 and 44 are false. Plaintiff has received new documents for Foamex, including additional documents sent by Castleberry to the United States Patent Trademark Office concerning Medius. The missing documents concerning so called expense reimbursement for the period before 2002 have not been produced as required by request 48.

3. With respect to the second request, we believe that defendants have not produced responsive documents to a series of requests. Specifically, with respect to requests 5, 6, and 7, we have obtained documents from a third party from or to Castleberry or concerning Hibco and CP Medius. It is highly unlikely, unless defendants destroyed documents during the litigation, that they have produced all responsive documents. With respect to request 8, we have not received any documents concerning expenses incurred by Castleberry for the period 1998 to 2002. With respect to request 18, we have received additional documents from Foamex which were generated by Castleberry concerning Medius but were not produced.

4. With respect to the Third Request, defendants have not furnished responsive documents to most of the requests. With respect to request 1 and 2, we do not have any of the receipts for expenses incurred by Castleberry. We obtained documents from Hibco which contains documents from part of 2002 forward. However there are no documents from 1998 to 2002. Additionally, there are no receipts for expenses for Mac Horticultural Supplies. With respect to request 8, defendants admit that they have not produced responsive documents. With respect to request 9, defendants have not produced responsive documents.

The parties are scheduled to submit their joint pre-trial memorandum by August 28, 2004 but it is impossible to do so without responsive documents. Plaintiffs have filed a motion seeking additional time to file the pre-trial memorandum. Plaintiffs are informed that Judge Chatigny, Magistrate Martinez and Attorney Bucci are on vacation until next week.

**Argument**

I.  The Court Should Compel Defendants
    To Provide the Outstanding Discovery

Fed R. Civ. Pro. 37(a)(2) (A) provides: "if a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." See e.g., Remee Products Corp. v. Sho-Me Power Electric Coop., 2002 U.S. Dist. LEXIS 19700 (S.D.N.Y.); Loubier v. Patterson, 187 F.R.D. 449 (D. Conn. 1999). Here, despite an order compelling disclosure, defendants have produced a handful of new responsive documents. The documents requested clearly exist. Either defendants destroyed them during the pendency of this litigation, since most of them were created during this period, or they have simply refused to produce them despite Court order. For example, defendants failed to produce documents filed with the patent trademark office and documents concerning expenses incurred by defendant Castleberry. As described in plaintiffs' prior motion, defendant Castleberry has repeatedly testified falsely under oath and failed to produce responsive documents. Plaintiffs therefore request that the Court sanction defendant Castleberry and compel defendant Castleberry, explain what happened to these documents or in the alternative to produce them.

THE PLAINTIFFS

By: _____
Simon I. Allentuch, Esq.
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510
Tel (203) 821-2000
Fed. Bar No. ct21094

3